# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **WILLIAM WHITE**, *Individually and On Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>**C. & M. SMITH RESTAURANTS, INC.,**<br><br>Defendant. | Civil Case No.:  3:20CV-217-CHB<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff William White, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective and Class Action Complaint against Defendant C. & M. Smith Restaurants, Inc., and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for himself and all other similarly situated collective members, to recover unpaid minimum and overtime wages, liquidated damages, reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.  Plaintiff also brings this action for himself and all other similarly situated Rule 23 class members to recover unpaid wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs under KRS § 337, *et seq.* ("Kentucky Wage Acts").

3.  Defendant is in the business of "owning, operating, and developing Taco Bell, KFC, and Pizza Hut branded foodservice operations." *See* **Exhibit 1**, a true and correct copy of the Articles of Amendment, filed with the Indiana Secretary of State on February 19, 2019.

4.  Defendant has violated the wage laws by requiring its hourly-paid restaurant workers to perform work off-the-clock and altering punch time records, thereby failing to pay the workers for all hours worked.

5.  As a result of Defendant's illegal pay policies and practices, Plaintiff and other hourly restaurant workers were deprived of the hard-earned wages including overtime at a rate of not less than one and one-half times the regular rate of pay for hours worked over forty per week.

6.  Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

    *All Hourly-Paid Restaurant Workers employed by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

7.  Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all putative collective members permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

8.  Plaintiff asserts the state law claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

    *All Hourly-Paid Restaurant Workers employed by Defendant in the State of Kentucky at any time from five (5) years prior to the filing of this Complaint through the date of judgment.*

9.  At all relevant times, Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

12. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

13. This Court has personal jurisdiction over Defendant because Defendant does business within and maintains systematic and continuous contacts with the State of Kentucky.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's asserted claims occurred in this district.

## THE PARTIES

15. Defendant C. & M. Smith Restaurants, Inc. is a for-profit entity created and existing under and by virtue of the laws of the State of Indiana.

16. According the Kentucky Secretary of State website, Defendant has the following registered agent in the State of Kentucky: Clinton M. Smith, 3950 Taylorsville Road, Louisville, KY 40206.

17. According the Kentucky Secretary of State website, Defendant has the following officers:

- Clinton M Smith – President, Vice President and Director
- Clinton Jr M Smith – Secretary and Director
- Christopher D Smith – Treasurer and Director

18.     According to its website, Defendant "is an organization designed to operate and manage Yum Brand restaurants" and "[i]t currently owns and operates a total of twenty stores, with nineteen Taco Bell restaurant and one Multi-Brand with Taco Bell and KFC restaurants."[1]

19.     Plaintiff William White ("White") is an adult resident of the County of Meade and State of Kentucky.

20.     Mr. White was employed by Defendant as an hourly-paid employee from approximately August 2019 through December 2019.

21.     Mr. White was an hourly-paid crew member during the first few weeks of his employment with Defendant.

22.     Mr. White was an hourly-paid shift manager when he was separated from the company.

23.     Mr. White's hourly rate was $10.75 when he was separated from the company.

24.     Defendant employed Mr. White to work at a Taco Bell store at 1200 Bypass Rd, Ste 6, Brandenburg, KY 40108.

25.     Mr. White's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 2**.

## FACTUAL ALLEGATIONS

26.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

27.     At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

28.     At all relevant times alleged herein, Defendant has generated over $500,000.00 in revenue per year.

---

[1] http://www.cmstacobell.com/about_us (last accessed March 10, 2020).

29. At all relevant times alleged herein, Defendant was/is the "employer" of the Plaintiff and the putative collective/class members within the meaning of 29 U.S.C § 203(d) and KRS § 337.010(1)(d).

30. The Plaintiff and the putative collective/class members were/are "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and KRS § 337.010(1)(e).

31. Defendant, directly or indirectly, hired the Plaintiff and the putative collective/class members and determined the rate and method of the payment of their wages.

32. Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of Plaintiff and the putative collective/class members.

33. At all relevant times alleged herein, Plaintiff and the putative collective/class members performed job duties that do not fall within any exemptions from overtime under the FLSA.

34. Plaintiff worked over forty (40) hours a week in several workweeks.

35. Defendant required Plaintiff and the putative collective/class members to perform work off the clock for which they were not compensated.

36. Further, management altered the punch in/out time and shaved the hours initially recorded by Plaintiff and the putative collective/class members.

37. As a result of the Defendant's illegal policies and practices stated herein, Plaintiff and the putative collective/class members were not compensated for all hours worked.

38. As a result of the Defendant's illegal policies and practices stated herein, Plaintiff and the putative collective/class members were deprived of the hard-earned wages including overtime at a rate of not less than one and one-half times the regular rate of pay for hours worked over forty per week.

39. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

40. Defendant's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

42. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid restaurant workers who have been affected by Defendant's common unlawful policies and practices of failing to properly pay minimum and overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

43. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All Hourly-Paid Restaurant Workers employed by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

44. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

45. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

6

46.     Plaintiff seeks to send Notice to all similarly situated hourly-paid restaurant workers as provided by 29 U.S.C. § 216(b) and supporting case law.

47.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

48.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

49.     Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

50.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

51.     Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid restaurant workers who have been affected by Defendant's common unlawful policy and practice of failing to pay wages for all hours worked, in violation of the Kentucky Wage Acts.

52.     Plaintiff brings this Rule 23 class action on behalf of:

> *All Hourly-Paid Restaurant Workers employed by Defendant in the State of Kentucky at any time from five (5) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

53. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the Kentucky Wage Acts.

54. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the State of Kentucky. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

55. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

56. Plaintiff's claims are typical of those of the Rule 23 class members in that he and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

57. Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

58. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

59. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

60. Plaintiff and the Rule 23 class members demand a trial by jury.

### FIRST CLAIM FOR RELIEF
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Minimum and Overtime Wages**

61. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

62. Defendant employed Plaintiff and the FLSA collective members as hourly-paid restaurant workers.

63. Defendant required Plaintiff and the FLSA collective members to perform off-the-clock work for which they were not compensated.

64. Defendant's, through management, altered the punch in/out time and shaved the hours initially recorded by Plaintiff and the FLSA collective members.

65. Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked.

66. Defendant required Plaintiff and the FLSA collective members to work more than forty (40) hours in one or more workweeks.

67. As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay Plaintiff and the FLSA collective members the required minimum wage and overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) in a workweek.

68. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

69. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

70. As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA collective members are illegally deprived of minimum and overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**
**Violation of the Kentucky Wage Acts, KRS § 337,** *et seq.*
**(Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)**
**Untimely Payment of Wages**

71. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

72. Defendant employed Plaintiff and the Rule 23 class members as hourly-paid restaurant workers.

73. Defendant required Plaintiff and the Rule 23 class members to perform off-the-clock work for which they were not compensated.

74. Defendant's, through management, altered the punch in/out time and shaved the hours initially recorded by Plaintiff and the Rule 23 class members.

75. Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked.

76. KRS 337.020 requires every employer doing business in Kentucky to, "as often as semimonthly, pay to each of its employees all wages or salary earned to a day not more than eighteen (18) days prior to the date of that payment."

77. Defendant owes Plaintiff and the Rule 23 class members wages for hours worked that was not compensated.

78. To date, those wages referenced above remain unpaid, in violation of KRS 337.020.

79. Defendant's uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary and in bad faith.

80. As a result of Defendant's uniform policies and practices described above, Plaintiff and the Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to the Kentucky Wage Acts.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the Kentucky Wage Acts, KRS § 337, *et seq.*;

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA and Kentucky Wage Acts, and end all of the illegal wage practices alleged herein;

(D) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the state law claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid wages, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under KRS § 337, *et seq.*;

(L) An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M) An Order directing Defendant to pay Plaintiff and members of the collective/class reasonable attorney's fees and all costs connected with this action pursuant to the FLSA and KRS § 337, *et seq.*;

(N) Judgment for any and all civil penalties to which Plaintiff and members of the collective/class may be entitled; and

(O) Such other and further relief as to this Court may deem necessary, just and proper.

### JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: March __, 2020

Respectfully submitted,

By: *Brad Harris*

Harvey Bradford Harris, Attorney
Harris Federal Law Firm
601 Perimeter Drive, Suite 220
Lexington, KY 40517
EM: brad@harrisfederal.com
Tel: (859) 226-2723 x 105
Fax: (859) 273-1520
KY SBID No. 87275

Jessica R. Doogan
**BARKAN MEIZLISH DEROSE**
**WENTZ MCINERNEY PEIFER, LLP**
250 E. Broad Street, 10th Floor
Columbus, OH 43215
Telephone: (800) 274-5297
Facsimile: (614) 744-2300
E-Mail: jdoogan@barkanmeizlish.com

COUNSEL FOR PLAINTIFF